UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| JOHN O. HARDY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:08-cv-385 |
| | ) | |
| v. | ) | Honorable Gordon J. Quist |
| | ) | |
| GEORGE JURKAS et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant George Jurkas. The Court will serve the complaint against Defendant Mark Burns.

**Discussion**

I.   Factual allegations

Plaintiff presently is confined in the Muskegon County Jail. He sues Sheriff George Jurkas and Lieutenant Mark Burns.

According to the allegations of the complaint, on March 31, 2008, jail inmates were ordered by "Officer Dave" to give up their mattresses. Plaintiff took his mattress to the room in which Lt. Burns was standing. Plaintiff called Defendant Burns over and told him that the order to remove mattresses was "a bunch of bull" and advised Burns to talk to his officers. Burns became angry and told Plaintiff not to complain to him about other officers. As Plaintiff was leaving the room, he heard Officer Dave tell the inmates that they would have no television, phone, or other privileges. Plaintiff looked back at Burns and said, "This is the (shit) I'm talking about." Burns then told Plaintiff that he had lost his "pay it back job" and his good time for being on "pay it back status." Burns told Officer Gil to take Plaintiff to clear out his locker.

Burns ordered Plaintiff placed on top lock for eight days. When he was released from top lock, Plaintiff filed a grievance against Burns. A few hours later, Burns came up to Plaintiff carrying the grievance. Burns ordered Plaintiff to follow him, and he led Plaintiff to the cell where Plaintiff had been held on top lock. Burns told Plaintiff to either tear up the grievance or, "do I remember the pain of this room." Plaintiff refused to tear up the grievance. Burns placed Plaintiff in the cell and confined him to top lock for an additional seven days. Burns also ordered the mattress removed from the room, and Plaintiff was denied a toothbrush, towel and other amenities. Plaintiff wrote a second grievance concerning the same issues, but he has received no reply. Plaintiff alleges that he also wrote to Judge Michael Nolan, reporting that he was afraid for his life.

Plaintiff appears to allege that Burns violated the Eighth Amendment and retaliated against him for filing a grievance. According to Plaintiff, Defendant Burns is the jail administrator responsible for handling prisoner grievances. Plaintiff alleges that Defendant Jurkas supervises all jail personnel and is therefore responsible for Burns' conduct.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A plaintiff bringing an action pursuant to § 1983 cannot premise liability upon a theory of respondeat superior or vicarious liability. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (quoting *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978)). Plaintiff must establish that Jurkas was personally involved, or that he otherwise encouraged or condoned the action of the offending employees. *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976)). There must be more than merely a right to control employees, as Plaintiff must show that Jurkas at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending employees. *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004); *Walton v. City of*

*Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). Plaintiff fails to allege any facts that show that Jurkas encouraged or condoned the conduct of Lt. Burns, or that Jurkas authorized, approved or knowingly acquiesced in the conduct. Because Plaintiff's § 1983 action is premised on nothing more than respondeat superior liability, his action fails to state a claim. *Copeland*, 57 F.3d at 481.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendant Jurkas will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendant Burns.

An Order consistent with this Opinion will be entered.


Dated: June 18, 2008                             /s/ Gordon J. Quist
                                              GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE