UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN O. HARDY,

        Plaintiff,

vs.

GEORGE JURKAS and
MARK BURNS,

        Defendants.
                                     /

Case No. 1:08-cv-385

Hon. Gordon J. Quist

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a prisoner at the Muskegon County Jail pursuant to 42 U.S.C. § 1983 against Muskegon County Sheriff George Jurkas and Muskegon County Jail administrator Lt. Mark Burns. The court previously dismissed plaintiff's claims against Sheriff Jurkas. *See* Opinion and Order (June 18, 2008) (docket nos. 5 and 6). This matter is now before the court on defendant Lt. Mark Burns' motion for summary judgment (docket no. 12).

    **I.**    **Background**

The court's June 18, 2008 opinion summarized plaintiff's claim as follows:

> According to the allegations of the complaint, on March 31, 2008, jail inmates were ordered by "Officer Dave" to give up their mattresses. Plaintiff took his mattress to the room in which Lt. Burns was standing. Plaintiff called Defendant Burns over and told him that the order to remove mattresses was "a bunch of bull" and advised Burns to talk to his officers. Burns became angry and told Plaintiff not to complain to him about other officers. As Plaintiff was leaving the room, he heard Officer Dave tell the inmates that they would have no television, phone, or other privileges. Plaintiff looked back at Burns and said, "This is the (shit) I'm talking about." Burns then told Plaintiff that he had lost his "pay it back job" and his good time for being on "pay it back status." Burns told Officer Gil to take Plaintiff to clear out his locker.

> Burns ordered Plaintiff placed on top lock for eight days. When he was released from top lock, Plaintiff filed a grievance against Burns. A few hours later, Burns came up to Plaintiff carrying the grievance. Burns ordered Plaintiff to follow him, and he led Plaintiff to the cell where Plaintiff had been held on top lock. Burns told Plaintiff to either tear up the grievance or, "do I remember the pain of this room." Plaintiff refused to tear up the grievance. Burns placed Plaintiff in the cell and confined him to top lock for an additional seven days. Burns also ordered the mattress removed from the room, and Plaintiff was denied a toothbrush, towel and other amenities. Plaintiff wrote a second grievance concerning the same issues, but he has received no reply. Plaintiff alleges that he also wrote to Judge Michael Nolan, reporting that he was afraid for his life.
>
> Plaintiff appears to allege that Burns violated the Eighth Amendment and retaliated against him for filing a grievance. According to Plaintiff, Defendant Burns is the jail administrator responsible for handling prisoner grievances. Plaintiff alleges that Defendant Jurkas supervises all jail personnel and is therefore responsible for Burns' conduct.

Opinion (June 18, 2008) at p. 2. Plaintiff seeks $15 million from Lt. Burns and wants him "demoted back to turnkey or fired." Compl. at p. 4.

## II. Legal Standard

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In *Copeland v.*

*Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the standard for deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). However, the court is not bound to blindly adopt a non-moving party's version of the facts. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

While plaintiff filed a document stating that he agreed "to take a lie detector test along with defendant Mark Burns" (*see* docket no. 14), he has not filed a response to the motion for summary judgment as required by W.D. Mich. LCivR 7.2. "The fact that there has been no response to a summary judgment motion does not, of course, mean that the motion is to be granted automatically." *Champion v. Artuz*, 76 F.3d 483, 486 (2nd Cir. 1996). However, when a motion for summary judgment is unopposed, "[n]othing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record" to demonstrate the existence of genuine issues of material fact. *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 405 (6th Cir. 1992).

**III.    Exhaustion**

Lt. Burns seeks summary judgment on the ground that plaintiff's claim is unexhausted.  The court agrees.  The Prison Litigation Reform Act ("PLRA") 42 U.S.C. § 1997e, provides that a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust available administrative remedies.  *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001).  A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process.  *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741.  The PLRA requires prisoners to comply with the prison's grievance procedures in order to properly exhaust a claim. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007).  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."  *Woodford v. Ngo*,  548 U.S. 81, 90-91 (2006).

The grievance procedure at the Muskegon County Jail involves at least three steps. First, the prisoner must request a grievance form.  Second, the prisoner must complete the form and submit it.  Third, the grievance is processed by the jail personnel, who address the issue raised in the grievance.   *See* Lt. Burns' Aff. at ¶¶ 1-9 (docket no. 12-3).  The jail personnel process the grievance by preparing a written record, oftentimes using the same form submitted by the grievant. *Id.*  This written record explains how the grievance was addressed, the actions taken by the jail administration and the "outcome of the process."  *Id.*  The jail records when a grievance is received and the action taken by the jail administration in response to the grievance.  *Id.* at ¶ 8.

4

The Muskegon County Jail records reflect that on April 11, 2008, plaintiff requested a grievance form. *Id.* at ¶ 10. The jail's log notes state as follows:

> Subject Stated That He Wanted A Grievance Form So He Could "write-up" Lt. Burns. Subject Was Issued The Form [04/11/2008 12:32, Mcsdcjr1, 380, Mcsd].

*Id.* at ¶ 10; Exh. 1. However, there is no record that plaintiff actually filled out the grievance form or submitted it to the jail. Lt. Burns' Aff. at ¶¶ 10-20; Exh. 1. Contrary to plaintiff's allegation that he filed a second grievance, there is no record that he requested a second grievance, let alone filed it. *Id.* In fact, the Muskegon County Jail Log establishes that plaintiff never filed a single grievance at the jail. Lt. Burns Aff. at ¶ 16; Exh. 1. Plaintiff has presented no evidence to contradict the jail log or the facts as set forth in Lt. Burns' affidavit.

The undisputed record establishes that plaintiff failed to properly exhaust his grievance with respect to Lt. Burns. *See Jones*, 549 U.S. at 218-19; *Woodford*, 548 U.S. at 90-93. He did not comply with the PLRA's exhaustion requirement. Accordingly, Lt. Burns' motion for summary judgment should be granted.

### IV.   Recommendation

For the reasons set forth above, I respectfully recommend that defendant Lt. Mark Burns' motion for summary judgment (docket no. 12) be **GRANTED** and this case dismissed.


Dated:  June 8, 2009                              /s/ Hugh W. Brenneman, Jr.
                                                  HUGH W. BRENNEMAN, JR.
                                                  United States Magistrate Judge

5

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).